IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1562-WJM-NRN

NANCY YOUNG,

    Plaintiff,

v.

WALMART, INC., an Arkansas Corporation authorized to do business in the State of Colorado,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO STRIKE OPINION AS MOOT**

---

Plaintiff Nancy Young ("Young") brings this case against Defendant Walmart, Inc. ("Walmart"), for injuries sustained in a Walmart parking lot in Cortez, Colorado (the "Store"). Young brings a statutory premises liability claim against Walmart under the Colorado Premises Liability Act ("CPLA"), Colo. Rev. Stat. § 13-21-115.

The matter is before the Court on Walmart's Motion for Summary Judgment (the "Motion") and Walmart's "Partially Unopposed Motion to Strike or Limit the Opinions of Plaintiff's Treating Expert, Brinceton Phipps, M.D." ("702 Motion"). (ECF Nos. 43 & 63.) For the reasons discussed below, the Court grants the Motion and denies the 702 Motion as moot.

## I. BACKGROUND

The following summary is drawn from the parties' statements of material facts. The vast majority of the facts are undisputed.

In May 2016, the Store set up an outdoor garden center in its parking lot, as it had for each of the past five years. (ECF No. 43 at 3, ¶¶ 4–6; ECF No. 58 at 6–7, ¶¶ 4–6.) The garden center was cordoned off from the rest of the parking lot with a rope and "caution cones." (ECF No. 43 ¶ 8; ECF No. 58 ¶ 8.) Between 2011 and June 7, 2016, there were no issues or injuries reported concerning the safety of the garden center and its rope perimeter. (ECF No. 43 ¶ 7.) Young contends that Walmart inaccurately states that the garden center was used "without issue," claiming that there may be issues or injuries that were not reported, and that the only way to definitively know would be to watch surveillance tapes for the time period. (ECF No. 58 ¶ 7.) Young does not, however, suggest that she has undertaken such a review or that there are, indeed, unreported issues or injuries. (*Id.*) It suffices to say that there is no evidence before the Court of any such reported issues or injuries.

On June 7, 2016, Young and nonparty-at-fault Angelita Randall-Salazar both went to the Store and parked in the parking lot. Randall-Salazar drove her Chevy pickup truck with a ball trailer hitch attached to the rear of her vehicle. (ECF No. 43 at 3, ¶ 10; ECF No. 58 at 7–8, ¶ 10; ECF No. 61 at 3, ¶ 10.) She backed into a parking space adjacent to the garden center, checked to make sure that her bumper was not hitting anything in the garden center, and entered the Store. (ECF No. 43 ¶¶ 11–12; ECF No. 58 at 8, ¶¶ 11–12; ECF No. 61 ¶¶ 11–12.) At some point, the garden center rope barrier got hooked on Randall-Salazar's trailer hitch. (ECF No. 43 ¶ 13; ECF No. 58 ¶ 13.)

When Randall-Salazar returned to her truck, she did not walk behind the truck. There is no evidence to suggest that Randall-Salazar noticed that the rope had looped

around her trailer hitch or that there were any circumstances that would have made her think that the rope had attached to the vehicle. (ECF No. 61 at 3, ¶ 15.) Randall-Salazar drove off, not realizing that she pulled behind her the rope barrier of the garden center. As she did so, the rope was pulled across the parking lot and became taut, eventually "forming a V-wedge that closed in a scissor-like action upon the lower legs of [Young]." (ECF No. 43 at 4, ¶¶ 16–19.) Randall-Salazar heard people screaming, looked in her rearview mirror, and saw Young lying on the ground. (*Id.* at ¶ 20.) She stopped her vehicle and went over to Young. (*Id.*)

As a result of being taken out at the knees by the rope attached to Randall-Salazar's truck, Young contends that her pre-existing pigmented villonodular synovitis in her left knee was exacerbated, and that she suffered other injuries. (ECF No. 12-2 ¶ 10.)

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to the factfinder or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v.*

*Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

Where, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden on a motion for summary judgment by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted). If the movant meets this burden, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (internal quotation marks omitted). A party must support an assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

"[C]onclusory and self-serving statements are insufficient to survive summary judgment." *Ford v. West*, 222 F.3d 767, 777 (10th Cir. 2000). Likewise, "general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment," *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 834 (10th Cir. 1986), and "[v]ague, conclusory statements do not suffice to create a genuine issue of material fact," *Ford*, 222. F.3d at 777. Rather, "[t]o survive summary judgment, a nonmoving party must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof." *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1233 (10th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

Under the CPLA, "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." Colo. Rev. Stat. § 13-21-115(3)(c)(I). The Colorado Supreme Court has recognized that "'unreasonable failure to exercise reasonable care' appears to be redundant" and that the statute merely required "proof that defendant failed to exercise reasonable care." *Id.* at 575. It has also ruled that the statutory requirement that a landowner "actually knew or should have known" of a danger may be satisfied by actual or constructive knowledge. *Id.* at 571–72. Thus, the elements of a CPLA claim are (1) a landowner fails to exercise reasonable care, (2) the landowner had actual or constructive knowledge of the danger, (3) proximate cause, and (4) damages. *Id.* at 575.

5

Walmart asks the Court to grant summary judgment in its favor on three elements of Young's claim: actual or constructive knowledge, causation, and damages. Because the Court finds that Young has failed to show a genuine dispute of material fact on the issue of foreseeability (or, in other words, what Walmart actually knew or should have known—and thus its actual or constructive knowledge of the danger), the Court need only address this single ground of Walmart's Motion.

"[W]hether a landowner should have known of a particular danger generally is a question of fact, not law." *Axelrod v. Cinemark Holdings, Inc.*, 65 F. Supp. 3d 1093, 1098 (D. Colo. 2014). "Even so, a court could find a danger to be so unprecedented and remote that, as a matter of law, no rational juror could find that a landowner should have known about it." *Id.*

> To establish that an incident is foreseeable, it is not necessary that an owner or occupier of land held open for business purposes be able to ascertain precisely when or how an incident will occur. Rather, foreseeability "includes whatever is likely enough in the setting of modern life that a reasonably thoughtful person would take account of it in guiding practical conduct." 3 F. Harper, F. James, & O. Gray, The Law of Torts § 18.2, at 658–59 (2d ed. 1986).

*Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 48 (Colo. 1987). Thus, "foreseeability is based on common sense perceptions of the risks created by various conditions and circumstances." *Id.*

When a defendant raises the issue of actual or constructive knowledge of dangers on premises at summary judgment, courts consider whether "all the relevant facts, not just whether there had ever been a similar incident," to determine if a plaintiff has put forth evidence to suggest that the defendant had actual or constructive

knowledge. *Axelrod*, 65 F. Supp. 3d at 1100. Thus, in *Axelrod*, the Court found that the plaintiffs had satisfied their burden where they had "come forward with some evidence suggesting that the risk of an 'active shooter' incident in a theater was not unknown to [defendant]" and that "[o]ne might reasonably believe that a mass shooting incident in a theater was likely enough." *Id.* at 1101; *see also Wagner v. Planned Parenthood Fed'n of Am., Inc.*, 2019 WL 989316, at *8 (Colo. App. Feb. 21, 2019), *cert. granted in part*, 2019 WL 4263833 (Colo. Sept. 9, 2019).[1]

Walmart contends that it did not have actual or constructive knowledge of the danger posed by the rope around the garden center in the Store parking lot. (ECF No. 43 at 13–17.) In response, Young admits that no evidence suggests that Walmart had actual knowledge that the garden center rope placement posed a danger, but avers that "the conflicting facts of the respective parties satisfies that Walmart had 'constructive knowledge' of the danger." (ECF No. 58 at 18.)

The Court agrees that there is no evidence from which a reasonable jury could conclude that Walmart had actual knowledge that the rope around the garden center posed a risk of injury to third parties. The Store had erected a similar barrier each summer for the previous five years, and no incident involving the rope had been reported to the Store. On these undisputed facts, the Court finds that Walmart is entitled to summary judgment in its favor on the issue of actual knowledge.

---

[1] The Court notes that a portion of the case law on this topic in Colorado has arisen in the tragic context of shootings in public places, including a school, movie theater, and Planned Parenthood clinic.

The Court similarly concludes that no jury could find that Walmart had constructive knowledge of the danger posed by the rope. Unlike the plaintiffs in *Axelrod*, Young has not presented any facts to suggest that Walmart should have known about the potential risks posed by the rope. Instead, Young simply states that there are conflicting facts, and asks the Court to infer that common sense would lead a reasonable jury to conclude that Walmart should have known of the risk.

Significantly, however, Young does not identify any such conflicting facts, and she fails as well to articulate what conflicting inferences arise from the undisputed facts. For instance, Young could have presented evidence that similar accidents are common or have at least occurred before (although the Court found no similar incidents in an independent search of nationwide case law), that parking lots are generally designed to eliminate the risk that a car bumper or hitch would catch on a barrier, or anything else to suggest that Walmart should have known of the risk. This she has wholly failed to do.

Nor can the Court conclude that this is a type of event that is sufficiently common to put Walmart on notice of the potential dangers or risks. The closest analogous fact pattern that the Court could locate is in a Georgia Court of Appeals decision that held the defendant was not entitled to summary judgment. *Millard v. AAA Elec. Contractors & Engineers, Inc.*, 167 S.E.2d 679, 680 (Ga. Ct. App. 1969). In that case, a contractor working in a shopping center parking lot strung a rope with white flags 15 feet apart "between two uprights across a portion of the parking area in which cars normally drive and pedestrians normally walk." *Id.* An individual drove his car into the rope "carrying it forward with the car with great force, knocking [the plaintiff] down, causing her alleged injuries." *Id.* The court found that the "pleadings, together with the affidavits and

depositions on file," raised a genuine issue of material fact as to the negligent placement of the rope "across the driving-walking lanes of a parking area open to the general public." *Id.* at 684.

*Millard* is distinguishable in several respects: the rope was hung across the parking lot such that a person could walk or drive into it, the driver hit the rope head on, and there was evidence in the record that the rope was visible and that other individuals had also hit the rope. Here, however, Young has not put forward any evidence other than her unsupported statement that there are conflicting facts that suggest that Walmart had constructive knowledge of the danger. (*See* ECF No. 58 at 18.) In the absence of any evidence to suggest that Walmart in fact had constructive knowledge of the danger of roping off a summer garden center from its public parking lot, Walmart is also entitled to summary judgment in its favor on the issue of constructive knowledge.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 43) is GRANTED;

2. Defendant's "Partially Unopposed Motion to Strike or Limit the Opinions of Plaintiff's Treating Expert, Brinceton Phipps, M.D." (ECF No. 63) is DENIED AS MOOT;

3. The Final Trial Preparation Conference scheduled for October 25, 2019, and the four-day jury trial scheduled to begin November 12, 2019 are VACATED;

4. The Clerk shall enter final judgment in favor of Defendant and against Plaintiff, and shall terminate this case; and

5. Defendant shall have its costs upon compliance with D.C.COLO.LCivR 54.1.

Dated this 8th day of October, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge